IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| FREDERICK JAMES FILLINGHAM | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 5:11cv204 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Frederick James Fillingham, an inmate confined at the Federal Correctional Complex located in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied. The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough consideration of the pleadings, the Court concludes Petitioner's objections should be overruled.

### Objections and Analysis

*I.  Special Parole*

First, Petitioner objects to the findings of the Magistrate Judge regarding ground three in his petition concerning the reimposition of special parole. Petitioner argues the conversion of his release on parole to special parole in 2001 was improper based on *Artuso v. Hall*, 74 F.3d 68 (5th Cir. 1996). However, the Commission's July 11, 2001 decision to vacate the August 21, 1996 notice to Petitioner to the extent it converted Petitioner's special parole to regular parole was based on the

intervening Supreme Court decision in *Johnson v. United States*, 529 U.S. 694 (2000). While the decision in *Johnson* dealt with supervised release, it endorsed the Parole Commission regulation authorizing re-imposition of special parole terms, stating "there seems never to have been a question that a new term of parole could follow a prison sentence imposed after revocation of an initial parole term" and the same is true for special parole. *Johnson*, 529 U.S. at 711 and n.11.

Petitioner argues the decision in *Artuso* has not been overruled and the *Johnson* case cannot be reconciled with *Robles v. United States*, 146 F.3d 1098 (9th Cir. 1997). Both *Artuso* and *Robles*, however, were decided before *Johnson*. While the Fifth Circuit has not revisited the issue of re-imposing special parole since the intervening Supreme Court decision in *Johnson*, its previous decision was expressly based on the reasoning in *United States v. Holmes*, 954 F.2d 270 (5th Cir. 1992). *See Artuso*, 74 F.3d at 71. Further, the decision in *Johnson* expressly abrogated the Fifth Circuit's decision in *Holmes*. *See Johnson*, 529 U.S. at 699 n.2. Additionally, in *Rich v. Maranville*, 369 F.3d 83 (2nd Cir. 2004), the Second Circuit determined that, in light of the recent decision in *Johnson*, the Commission was within its authority when it reconverted a term of regular parole back to special parole following *Johnson*. *Id.* 369 F.3d at 90-91. This Court finds the decision of the Second Circuit persuasive. Accordingly, Petitioner's argument is without merit, and the objections should be overruled.

  II.  *Ex Post Facto Violation*

To the extent Petitioner's first objection may be interpreted as arguing that the application of *Johnson* violates the *Ex Post Facto* Clause, Petitioner's objection is without merit. Additionally, Petitioner raises an *ex post facto* argument in his fifth objection to the Report concerning ground eight of his petition. Both *ex post facto* arguments concern the reimposition of special parole and the attendant time calculation issue and will be considered together here.

A violation of the Constitution's *ex post facto* prohibition occurs where there is an imposition of a punishment more severe than that assigned by law when the criminal act occurred. *See Hallmark v. Johnson*, 118 F.3d 1073, 1077 (5th Cir. 1997). However, the decision in *Johnson*

merely clarified statutes in effect at the time of Petitioner's sentencing and revocation and did not constitute increased punishment. Further, the Commission's correction of a previously erroneous practice does not constitute an *ex post facto* violation. *See Cortinas v. U.S. Parole Commission*, 938 F.2d 43, 46 (5th Cir. 1991). Here, Petitioner complains of the reimposition of special parole following an intervening Supreme Court decision and the resulting change in policy by the Parole Commission. The Commission's correction of a previously erroneous practice does not constitute an *ex post facto* violation. Accordingly, Petitioner has failed to show an *ex post facto* violation in this case. Therefore, Petitioner's objections should be overruled.

      III.     *United Kingdom Conviction*

Next, Petitioner objects to the Magistrate Judge's determination regarding the consideration of his United Kingdom conviction. Petitioner contends only domestic convictions are allowed to be used under 18 U.S.C. § 922(g). Therefore, according to Petitioner, his conviction in the United Kingdom should not have been allowed to be used for revoking his parole.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court discussed the rights that must be afforded to a parolee in conjunction with parole revocation proceedings. The Supreme Court made the following introductory comments in listing the rights that must be afforded to the parolee:

> We begin with the proposition that the revocation of parole is not part of criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding do not apply to parole revocations.... Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id*. at 480. The Court held that a parolee is entitled to a preliminary and final revocation hearing and that the revocation procedures must provide (1) written notice of the violations charged, (2) disclosure to the parolee of the evidence against him, (3) the opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse

witnesses unless the hearing officer finds good cause for disallowing such confrontation, (5) a neutral and detached hearing officer, and (6) a written statement by the factfinders identifying the evidence and reasons supporting the revocation decision. *Id.* at 489. *See also Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999). The Supreme Court emphasized that the final revocation hearing should not be equated to a criminal prosecution. *Id*. Moreover, the inquiry is narrow and should be flexible enough to consider evidence of letters, affidavits and other materials that would not be admissible in an adversarial criminal trial. *Id.* For a petitioner to obtain relief, he must show a violation of one of these rights.

As was previously noted, a parole revocation proceeding is not a criminal trial. A criminal prosecution is governed by the reasonable doubt standard, while the government's burden of proof in a parole revocation hearing is considerably less. *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). There must only be some evidence in the record to support the decision of parole officials. *Id*. To lawfully revoke parole, the government is not required to have an arrest, charge and ultimately a conviction for a new criminal offense. *Id*. Instead, the hearing officer may lawfully consider evidence of dismissed state charges and charges that were subsequently overturned, as long as the acquittal or dismissal did not, as a matter of law, remove all factual support from the parole revocation. *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997); *Villarreal*, 985 F.2d at 839.

Petitioner is not entitled to relief merely because his parole was revoked based on charges brought against him in the United Kingdom. While Petitioner argues the United Kingdom conviction was the result of a "Majority Jury Verdict" instead of a unanimous jury verdict, the government is not required to have a unanimous conviction for a new criminal offense. The United Kingdom conviction in this case was sufficient evidence to warrant revocation in parole proceedings. As Petitioner has not shown the violation of one of his protected rights, Petitioner's objections are without merit and should be denied.

Further, Petitioner also attempts to attack the validity of the United Kingdom conviction based on the Commission's alleged failure to cooperate with the English authorities and provide the authorities with records allegedly crucial to his defense. However, this is not the proper forum to attack his United Kingdom conviction. Petitioner must attack his conviction in the court of conviction. Accordingly, Petitioner's objections should be overruled.

## IV. Time Calculation

In his third objection, Petitioner agrees with the Magistrate Judge that grounds two and five are related. However, Petitioner contends his fifth ground for review is also related to the alleged due process violations raised in ground seven.[1] Accordingly, Petitioner's objections for ground seven will be reviewed here as well.

Petitioner complains that his parole officer conspired with others to assist in his prosecution in the United Kingdom by divulging confidential defense information.[2] Therefore, according to Petitioner, he should receive credit toward his fifteen year sentence for jail time credit he accumulated in England. However, as the Magistrate Judge determined, Petitioner is not entitled to the disputed time credits. Petitioner is not entitled to jail credits based merely on the unsubstantiated allegation of wrongdoing by a parole official. Moreover, the issue is now moot because the Commission decided to continue Petitioner to the expiration of his sentence. Accordingly, Petitioner's objections are without merit and should be overruled.

## V. Ineffective Assistance of Counsel

In his fourth objection, Petitioner addresses ground six of his petition and asserts the Court appears to concede the point of ineffective assistance of counsel at the parole hearing. Additionally,

---

[1] The Magistrate Judge analyzed grounds four and seven together because they both involve the calculation of Petitioner's sentence. Petitioner now requests to withdraw his fourth ground for review without prejudice. Petitioner's motion is granted.

[2] Petitioner also contends he has been denied due process by the Tyler division of the Eastern District because the Court allegedly has not ruled on a Federal Open Information Act complaint filed in cause number 6:12cv938, and that this Court has not ruled on this habeas petition. A review of the proceedings in cause number 6:12cv938 reveals that the complaint was transferred to the United States District Court for the District of South Carolina on March 16, 2015. Further, while Petitioner complains of delay, Petitioner has requested repeated extensions of time.

in his sixth objection, Petitioner complains the Magistrate Judge failed to address the alleged denial of a direct appeal based on ineffective assistance of counsel. Both arguments concern the failure of trial counsel to file a direct appeal and will be considered together here.

Contrary to Petitioner's assertions, the Report did not concede there was ineffective assistance of counsel at the parole hearing. Petitioner failed to properly exhaust this claim. Additionally, Petitioner is not entitled to counsel in post-conviction proceedings. *See United States v. Riggs*, 314 F.3d 796 (5th Cir. 2002). Moreover, the Court finds Petitioner has failed to show either deficient performance or prejudice with respect to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the claims are without merit.

Further, the Magistrate Judge addressed Petitioner's claims of ineffective assistance of counsel regarding his convictions. As the Magistrate Judge correctly determined, the primary means for collaterally attacking a federal conviction and sentence is by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). However, a prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and Petitioner has failed to satisfy his burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255. *See Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). Petitioner's claims of ineffective assistance of counsel do not amount to a claim that he was convicted of "a nonexistent offense" as required to proceed under section 2241 pursuant to the savings clause of section 2255. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). Accordingly, Petitioner's objections should be overruled.

## VI. *Alleyne v. United States*

In his seventh objection, Petitioner complains that all seized property should be returned to him based on the Supreme Court decision in *Alleyne v. United States,* ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[3] Petitioner argues that the seizure of property constitutes an increase in the punishment which was not included in the indictment. However, Petitioner's remedy to contest the alleged unlawful seizure was to file a motion in the criminal action. *See* FED. R. CRIM. P. 41(g). Further, petitioner could have contested the seizure on direct appeal, but he claims counsel was ineffective. However, Petitioner's claims do not demonstrate he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena* to proceed in a section 2241 petition. Further, Petitioner's claim is not based on a retroactively applicable Supreme Court decision. The Supreme Court's decision on which Petitioner relies addressed sentencing issues and is not retroactively applicable. *See Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. July 1, 2014) (*Alleyne* is not a retroactively available Supreme Court decision indicating that Petitioner was convicted of a nonexistent offense). Accordingly, Petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Therefore, Petitioner's objections are without merit and should be overruled.

## VII. *Exhaustion of Administrative Remedies*

In his final objection, Petitioner objects to the Magistrate Judge's determination he failed to exhaust administrative remedies with respect to certain claims. Petitioner contends that the exhaustion requirement places a burden on a *pro se* prisoner which is difficult to overcome. Additionally, Petitioner contends none of the grounds presented in his petition would have been able to be rectified by the BOP as the claims dealt with parole proceedings, a foreign conviction, a split

---

[3] In his fifth objection, Petitioner complains of the alleged *ex post facto* violation raised in ground eight of his petition. However, the objection was addressed along with Petitioner's other related *ex post facto* claim raised in his first objection. In his sixth objection, Petitioner complains of the seizure and confiscation of property which Petitioner claims was not raised on direct appeal. Petitioner's objection was addressed along with his other related ineffective assistance of counsel claim raised in his fourth objection. Accordingly, the next objection to be addressed is objection seven.

in the circuit courts, and confusion with his original sentence. However, Petitioner concedes his claims in ground four were not exhausted and he requested to withdraw the claims.

As the Magistrate Judge found, a federal prisoner generally must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion requirement applies to the computation of sentence credit awards. *See, e.g. United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Rodriguez v. Lamar,* 60 F.3d 745, 747 (11th Cir. 1995). Further, a federal prisoner must exhaust all administrative remedies before seeking judicial review of a parole determination. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Until the National Appeals Board issues a decision in the appeal, a petitioner has not exhausted his administrative remedies. *Fuller*, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992).

The respondent asserted Petitioner had failed to exhaust all grounds in his petition except grounds two and three. The Magistrate Judge independently examined the claims and found Petitioner had exhausted the issues presented in grounds two, three, four, five, and seven. The Magistrate Judge found Petitioner did fail to exhaust the remainder of his claims through available administrative remedies. The Magistrate Judge, however, addressed the merits of the unexhausted claims, alternatively, and found them lacking in merit.

Petitioner has failed to show the Magistrate Judge's determination regarding exhaustion is incorrect. Additionally, a plaintiff's *pro se* status is no excuse for failing to exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (FTCA litigant's *pro se* status does not excuse his failure to timely file administrative claim); *Castro v. I.N.S.*, 91 F.3d 150 (9th Cir. 1996) (pro se status before the Board of Immigration Appeals does not excuse their failure to exhaust

administrative remedies). Further, Petitioner's claims were addressed on the merits, in the alternative, and found to be without merit. Accordingly, Petitioner's objections should be overruled.

    *VIII.    Certificate of Appealability*

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

<u>Order</u>

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 22nd day of February, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE